**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

OPTIC153 LLC,

                Plaintiff,

       v.

FINISAR CORPORATION,

             Defendant.

Civil Action No. _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff OPTIC153 LLC ("Plaintiff" or "OPTIC153"), for its Complaint against

Defendant Finisar Corporation ("Defendant"), alleges the following:

## NATURE OF THE ACTION

1.　　This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq.*, with respect to U.S Patent No. 6,587,261 ("the '261 patent")

and U.S. Patent No. 6,992,815 ("the '815 patent") (collectively, "the patents in suit").

## THE PARTIES

2.　　Plaintiff is a limited liability companies organized under the laws of the State of

Delaware and has a place of business at 10 Balligomingo Rd., West Conshohocken, PA 19428.

3.　　Upon information and belief, Defendant is a corporation organized and existing

under the laws of the State of Delaware with a place of business at 1389 Moffett Park Drive,

Sunnyvale California 94089.  Upon information and belief, Defendant may be served through its

registered agent, Incorporating Services, Ltd, at 3500 S. Dupont Hwy, Dover Delaware 19901.

Upon information and belief, Defendant imports, sells and offers to sell products and services

throughout the United States, including in this judicial district, and introduces products and services into the stream of commerce that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

7. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Delaware and this District, pursuant to due process and/or the Delaware Long Arm Statute because Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware and in this District, because Defendant regularly conducts and solicits business within the State of Delaware and within this District, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and this District. Further, this Court has personal jurisdiction over Defendant and venue is appropriate in this District because Defendant is incorporated in Delaware and has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

## BACKGROUND

### The Invention

8. The inventions claimed in the patents in suit address a need existing in the field of optical transmission systems at the time of the invention by offering an improved optical amplifiers and associated systems. The improved optical transmission systems include at least

one optical amplifier configured to provide optical amplification of one or more information carrying optical signal wavelengths. The performance of the at least one optical amplifier is based on an in-line characterization of the at least one optical amplifier and the transmission fiber. The in situ, or installed/on-line, performance characteristics of the optical amplifier can be determined by measuring the relative gain at signal wavelength as a function of the supplied pump power. The installed characterization of the optical amplifier performance allows the gain profile to be tightly controlled in the transmission system.

**Technological Innovation**

9.      The patented inventions disclosed in the patents in suit resolve technical problems related to the development of optical transmission systems having increased capacity and longer transmission distances.  As the patents in suit explain, one of the limitations of the prior art in achieving increased capacity and transmission distance in optical transmission systems is the ability to have in situ characterization and in situ control within the optical transmission systems.

10.      The claims of the patents in suit do not merely recite the performance of some well-known business practice from the prior art along with the requirement to perform it using generic technology.  Instead, the claims of the patents in suit recite inventive concepts that are deeply rooted in optical signal technology, and overcome problems specifically arising out of how to provide in situ characterization and in situ control with the systems.

11.      In addition, the claims of the patents in suit recite inventive concepts that improve the functioning of optical amplifiers.

12.      Moreover, the claims of the patents in suit recite inventive concepts that are not merely routine or conventional use of a generic communication system.  Instead, the patented

invention disclosed in the patents in suit provides a new and novel solution to specific problems related to optical signal transmissions over fiber using optical energy.

13.    And finally, the patented inventions disclosed in the patents in suit do not preempt all the ways that transmitting optical signals over a fiber-optic system, nor does the patents in suit preempt any other well-known or prior art technology.

14.    Accordingly, the claims in the patents in suit recite a combination of elements sufficient to ensure that the claims, in substance and in practice, amount to significantly more than a patent-ineligible abstract idea.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,587,261

15.    The allegations set forth in the foregoing paragraphs 1 through 14 are incorporated into this First Claim for Relief.

16.    On July 1, 2003, the '261 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Optical transmission systems including optical amplifiers and methods of use therein[.]"  A true and correct copy of the '261 patent is attached as Exhibit A.

17.    Defendant is the assignee and owner of the right, title and interest in and to the '261 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

18.    Upon information and belief, the Defendant has and continues to directly infringe one or more claims of the '261 patent by making, using, and/or providing and causing to be used products, specifically one or more optical amplifiers, for example Finisar's Hybrid Raman-EDFA module, (the "Accused Instrumentalities"). A product brief of an exemplary Accused Instrumentality is available online at https://www.finisar.com/sites/default/files/downloads/

finisar_amplifier_hybrid_raman_edfa_product_brief.pdf (last visited Nov. 28, 2018), a copy of

which is attached hereto as Exhibit B.  Defendant's white paper entitled, "Applications for

Distributed Raman Amplification" (available online at https://www.finisar.com/sites/default/

files/resources/Applications%20for%20Distributed%20Raman%20Amplification.pdf (last

visited Nov. 28, 2018), a copy of which is attached hereto as Exhibit C), provides further

background and context with respect to the Accused Instrumentalities.

19.     Upon information and belief, Defendant has directly infringed at least claim 1 of

the '261 patent by making, using, selling, offering for sale, providing and/or causing to be used

the Accused Instrumentalities.

20.     Upon information and belief, the Accused Instrumentalities perform a method of

amplifying optical signals.  (*See*, *e.g.*, Exhibit C at p. 1 ("Distributed Raman amplification

(DRA) has emerged in recent years as a key technology for modern optical networks, and

especially for coherent transmission. Recognizing this, Finisar has invested significant resources

in developing and producing state-of-the-art Raman amplifiers and Hybrid Raman-EDFAs with

unique features designed to facilitate the adoption of this technology."))

21.     EDFA stands for Erbium-doped Fiber Amplifier.  (*See*, *e.g.*, Exhibit C at p. 1.)

Upon information and belief, the Accused Instrumentalities, like all EDFAs, provide an optical

amplifier in an optical transmission fiber including an amplifying fiber configured to receive

power as optical energy.  (*See*, *e.g.*, Exhibit B at p. 1 ("The Hybrid module consists of a counter-

propagating Raman pump unit and a variable gain (VG) EDFA. These two elements are

integrated to provide exceptionally low noise figure and excellent gain flatness – two imperative

parameters for ultra-long haul systems. The module can support up to three Raman/EDFA pumps

in various configurations."))

22.     Upon information and belief, the power as optical energy received by the amplifying fiber of the Accused Instrumentalities is in a plurality of pump wavelengths.  In particular, the Accused Instrumentalities utilize a multiple pumps operating at different wavelengths .  (*See*, *e.g.*, Exhibit B at 1. ("Raman 14xx pumps … EDFA 980 Pump . . . Supports up to three 14xx nm Raman and 980 nm EDFA pumps, in various configurations.").)

23.     Upon information and belief, the Accused Instrumentalities characterize the amplifier performance for optical signals passing through the transmission fiber and amplifying fiber as a function of the optical energy provided in the plurality of pump wavelengths.  As the '261 patent specification provides, "[t]he in situ, or installed/on-line, performance characteristics of the optical amplifier can be determined by measuring the relative gain at signal wavelength as a function of the supplied pump power. The installed characterization of the optical amplifier performance allows the gain profile to be tightly controlled in the transmission system." (*See*, Exhibit A at 3:15-21.)  As noted above, the Accused Instrumentalities measure the relative gain as a function of supplied power to characterize the performance as a function of the optical energy provided in the plurality of pump wavelengths and allow the amplifier to automatically control and keep the gain constant.  (*See*, *e.g.*, Exhibit B at 1.)

24.     Upon information and belief, the Accused Instrumentalities supply optical energy in the plurality of pump wavelengths in an amount based on the characterized amplifier performance to control the amplification of a plurality of signal wavelengths included in the optical signal.  As noted above, the Accused Instrumentalities measure the relative gain as a function of supplied power to characterize the performance and allow the amplifier to automatically control and keep the gain constant.  Notably, regarding the exemplary Accused

Instrumentality identified above, the Finisar Hybrid Raman – EDFA Module includes one or more Finisar Variable Gain EDFA's as components.  (*See*, *e.g.*, Exhibit B at 1.)

25.     The Accused Instrumentality infringed and continues to infringe claim 1 of the '261 patent during the pendency of the '261 patent.

26.     Upon information and belief, since at least the time of receiving this Complaint, the Defendant has induced and continues to induce others to infringe at least claim 1 of the '261 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claim 1 of the '261 patent.

27.     In particular, the Defendant's actions that aid and abet others such as their partners and customers to infringe the '261 patent include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, the Defendant has engaged in such actions with specific intent to cause infringement of the '261 patent or with willful blindness to the resulting infringement of the '261 patent because the Defendant has had actual knowledge of the '261 patent and that its acts were inducing infringement of the '261 patent since at least the time of receiving this Complaint.

28.     On information and belief, the Defendant's infringement of the '261 patent has been and continues to be willful.

29.     Defendant has been harmed by the Defendant's infringing activities with respect to the '261 patent.

## COUNT II– INFRINGEMENT OF U.S. PATENT NO. 6,992,815

30.    The allegations set forth in the foregoing paragraphs 1 through 14 are incorporated into this Second Claim for Relief.

31.    On January 31, 2006, the '815 patent was duly and legally issued by the United States Patent and Trademark Office under the title "Optical transmission systems including optical amplifiers and methods of use therein[.]"  A true and correct copy of the '815 patent is attached as Exhibit D.

32.    Defendant is the assignee and owner of the right, title and interest in and to the '815 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

33.    Upon information and belief, the Defendant has and continues to directly infringe one or more claims of the '815 patent by making, using and/or providing and causing to be used the Accused Instrumentalities.

34.    Upon information and belief, Defendant has directly infringed at least claim 1 of the '815 patent by making, using, selling, offering for sale, providing and/or causing to be used the Accused Instrumentalities.

35.    Upon information and belief, the Accused Instrumentalities are or include amplifiers for use in optical transmission fiber.  (*See*, *e.g.*, Exhibit C at p. 1 ("Distributed Raman amplification (DRA) has emerged in recent years as a key technology for modern optical networks, and especially for coherent transmission. Recognizing this, Finisar has invested significant resources in developing and producing state-of-the-art Raman amplifiers and Hybrid Raman-EDFAs with unique features designed to facilitate the adoption of this technology."))

36.     Upon information and belief, the Accused Instrumentalities include an amplifying fiber configured to receive power as optical energy in a plurality of pump wavelengths.  (*See, e.g.*, Exhibit B at p. 1 ("The Hybrid module consists of a counter-propagating Raman pump unit and a variable gain (VG) EDFA. These two elements are integrated to provide exceptionally low noise figure and excellent gain flatness – two imperative parameters for ultra-long haul systems. The module can support up to three Raman/EDFA pumps in various configurations."))

37.     Upon information and belief, the power as optical energy received by the amplifying fiber of the Accused Instrumentalities is in a plurality of pump wavelengths.  As noted above, the Accused Instrumentalities utilize a multiple pumps operating at different wavelengths.  (*See, e.g.*, Exhibit B at 1. ("Supports up to three 14xx nm Raman and 980 nm EDFA pumps, in various configurations . . . Raman 14xx pumps … EDFA 980 Pump.").)

38.     Upon information and belief, as noted above, Accused Instrumentalities have a plurality of pump sources for providing the plurality of pump wavelengths to the amplifying fiber.  (*See, e.g.*, Exhibit B at 1. ("Supports up to three 14xx nm Raman and 980 nm EDFA pumps, in various configurations. . . . The module can support up to three Raman/EDFA pumps in various configurations.").)   Also, as noted above, the amplifiers of the Accused Instrumentalities can automatically readjust the pump power to keep the gain constant and thus provide a plurality of pump wavelengths to the amplifying fiber.  (*See, e.g.*, Exhibit B at 1.)

39.     Upon information and belief, the Accused Instrumentalities have a controller for controlling the plurality of pump sources to supply optical energy based on amplifier performance characterized for optical signals passing through the transmission fiber and the amplifying fiber as a function of the optical energy provided in the plurality of pump wavelengths.  As with the '261 patent, the '815patent specification provides, "[t]he in situ, or

installed/on-line, performance characteristics of the optical amplifier can be determined by measuring the relative gain at signal wavelength as a function of the supplied pump power. The installed characterization of the optical amplifier performance allows the gain profile to be tightly controlled in the transmission system." (*See*, Exhibit D at 3:15-21.)  As noted above, the Accused Instrumentalities measure the relative gain as a function of supplied power to characterize the performance and allow the amplifier to automatically control and keep the gain constant and allow the amplifier to supply power to automatically control and keep the gain constant.  (*See*, *e.g.*, Exhibit B at 1.)  Notably, the Finisar Hybrid Raman – EDFA Module includes one or more Finisar Variable Gain EDFA's as components.  (*See*, *e.g.*, Exhibit B at 1.)

40.     The Accused Instrumentality infringed and continues to infringe claim 1 of the '815 patent during the pendency of the '815 patent.

41.     Upon information and belief, since at least the time of receiving this Complaint, the Defendant has induced and continues to induce others to infringe at least claim 1 of the '261 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least claim 1 of the '815 patent.

42.     In particular, the Defendant's actions that aid and abet others such as their partners and customers to infringe the '815 patent include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, the Defendant has engaged in such actions with specific intent to cause infringement of the '815 patent or with willful blindness to the resulting infringement of the '815 patent because the Defendant has had actual knowledge of

the '815 patent and that its acts were inducing infringement of the '815 patent since at least the time of receiving this Complaint.

43.    On information and belief, the Defendant's infringement of the '815 patent has been and continues to be willful.

44.    Defendant has been harmed by the Defendant's infringing activities, with respect to the '815 patent.

## **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all issues triable as such.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Defendant demands judgment for itself and against Defendant as follows:

A.    An adjudication that the Defendant has infringed the patents in suit;

B.    An award of damages to be paid by Defendant adequate to compensate Defendant for Defendant's past infringement of the patents in suit, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.    An award to Defendant of such further relief at law or in equity as the Court deems just and proper.

DEVLIN LAW FIRM LLC

Dated: November 30, 2018

/s/ *James M. Lennon*
Timothy Devlin (No. 4241)
James M. Lennon (No. 4570)
1306 N. Broom Street, 1st Floor
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com
jlennon@devlinlawfirm.com

*Attorneys for Plaintiff*
*OPTIC153 LLC*